

DA 07-0055

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 319N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JOEL M. WHITE, a/k/a JOEL M. SEMINOLE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 1992-033
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Roberta R. Zenker,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  November 8, 2007

Decided:  December 5, 2007

Filed:

_____
                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Joel M. White (also known as Joel M. Seminole) committed felony criminal mischief on November 7, 1992. He was sentenced on January 12, 1994, by the District Court for the Sixteenth Judicial District, Rosebud County. His sentence was suspended. On December 7, 2001, the District Court determined that Seminole had violated the terms of his suspended sentence and revoked it. The District Court then resentenced Seminole. A portion of that sentence was suspended. He was discharged in February 2002 to begin serving the suspended portion of his sentence. Approximately one year later, the District Court again determined that Seminole had violated the terms of his suspended sentence. Seminole was again resentenced, and a portion of that sentence was suspended. He was discharged to begin serving the suspended portion of his sentence on June 24, 2005. The next day, Seminole stabbed his brother-in-law in the throat with a pocket knife and killed him. The State thereafter filed a petition to revoke Seminole's suspended sentence. The District Court revoked the suspended sentence and resentenced Seminole on November 22, 2006.

¶3      At the revocation hearing on November 22, 2006, Seminole's counsel argued that his original sentence for criminal mischief was illegal. The District Court determined

that this was not a matter that the court could "take up at this point in time." On appeal, Seminole argues that the original sentence given in 1994 was illegal and that the District Court abused its discretion in not correcting that sentence. Seminole maintains that the $480 in damages underlying his criminal mischief conviction falls short of the $500 threshold amount for felony criminal mischief. He contends, therefore, that the maximum sentence the original sentencing court could have imposed was six months. In response, the State contends that, at the time Seminole committed criminal mischief, the threshold amount for felony criminal mischief was $300. Hence, the State maintains that Seminole's original sentence was not illegal.

¶4      "It is axiomatic that when deciding a case involving the commission of a crime or sentencing for a crime, we use the criminal statutes *in effect at the time of the commission*." *Dexter v. Shields*, 2004 MT 159, ¶ 13, 322 Mont. 6, ¶ 13, 92 P.3d 1208, ¶ 13 (emphasis added). Seminole committed criminal mischief on November 7, 1992. Hence, the 1991 version of the criminal statutes applies. Section 45-6-101(3), MCA (1991), places the felony threshold at $300. Although the Legislature increased the threshold from $300 to $500 in 1993, *see* § 45-6-101(3), MCA (1993), the 1991 version of the statute applies to Seminole's crime and sentence. Accordingly, Seminole's claim that his original sentence for criminal mischief was illegal is without merit. Likewise, Seminole's claim that the District Court abused its discretion in not correcting that sentence also is without merit.

¶5      Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended

in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that Seminole's appeal is without merit.  The legal issues are clearly controlled by settled Montana law.

¶6     Accordingly, the judgment of the District Court is affirmed.


/S/ JAMES C. NELSON


We Concur:


/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER